Eastern District of Kentucky
F I L E D
MAY 0 6 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-257-GWU

LARRY HAYNES,                    PLAINTIFF,

VS:           <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Larry Haynes brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Haynes, a 38 year-old former grocery assistant manager, auto part assembler, recycler, and furniture deliverer with a high school education, suffered from impairments related to a history of herniated nucleus pulposus, (being status post laminectomy and discectomy), lumbalgia, radiculopathy, and cervical spondylosis. (Tr. 16, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he could perform a restricted range of sedentary level work. (Tr. 22). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22-23). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Jane Hall included such restrictions as (1) an inability to lift, push or pull more than 20 pounds on an occasional basis; (2) an inability to stoop or crouch for more than 10 percent of the workday; (3) an inability to sit, stand or walk for longer than 30 minutes at a time; (4) an inability to stand or walk for more than a total of four hours in an eight-hour day; and (5) a limitation to work settings allowing the use of a cane. (Tr. 219). In response, the witness identified a significant number of sedentary level jobs which could still be performed.[1] (Tr. 223-224). Therefore, assuming that the vocational factors considered by Hall fairly characterized Haynes's condition, then a finding of disabled status, within the meaning of he Social Security Act, is precluded.

The hypothetical question fairly depicted Haynes' condition as required by Varley. The question was fully consistent with the opinion of Dr. Magdy El-Kalliny, the plaintiff's treating neurosurgeon, who released him from treatment with only a restriction from lifting, pushing or pulling more than 20 pounds. (Tr. 156). The question was essentially compatible with the restrictions identified by Dr. Allan Grimball, his treating family physician. (Tr. 164-167). To the extent that the claimant was ultimately found limited to sedentary level work, the ALJ's findings are also essentially consistent with the opinion of Dr. Paul Forberg, an examining consultant. (Tr. 154). Dr. Herbert Schapera, an examining consultant, did suggest the existence of arguably more severe restrictions related to bending, squatting, crawling and climbing than were found by the ALJ. (Tr. 146). However, his opinion was outweighed and offset by the

---

[1] Hall initially indicated that no jobs could be performed in response to this question. (Tr. 220-221). However, the expert later indicated that she had been confused about the sitting, standing and walking requirements and stated that sedentary level jobs could still be done. (Tr. 222-223).

6

aforementioned treating and examining sources.

Haynes asserts that Hall's testimony actually supports his disability claim, noting that she indicated that one who would be absent from work twice a month could not maintain employment. (Tr. 224). Dr. Grimball opined that the plaintiff would need to be absent from work about twice a month. (Tr. 165). However, while Hall did state that employers were becoming more strict, an absence rate of one to two days would not preclude employment. (Tr. 224). Furthermore, even if the claimant could not work under Dr. Grimball's restrictions, the ALJ's opinion would still be supported by the opinion of Dr. El-Kalliny. As treating neurosurgical specialist, Dr, El-Kalliny's opinion would be entitled to superior weight over that of a family physician such as Dr. Grimball.[2]

Haynes also asserts that that the ALJ erred in omitting Dr. Grimball's limitation concerning experiencing severe pain which would "often" interfere with concentration and persistence. (Tr. 164). However, Hall indicated that whether work would be precluded by this factor depended upon the definition of "often" which could be interpreted in more than one way. (Tr. 229). "Often" was not defined on Dr. Grimball's assessment. The Court notes that Dr. El-Kalliny did not report such a restriction. Therefore, the Court finds that the ALJ could reasonably conclude that all work was not precluded by this limitation.

Haynes also asserts that Dr. Grimball's finding that he would need to take unscheduled breaks would be incompatible with maintaining employment. The defendant asserts that the physician's estimated break requirements would still not exceed the normal times allotted for breaks and lunch on a regular work

---

[2]The administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5).

7

the alleged pain.

In the present action, Haynes was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Hanyes' pain complaints.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __6__ day of April, 2005.

                                                  G. WIX UNTHANK
                                                  SENIOR JUDGE